ROCCO V. DEPASQUALE *vs.* JOSEPH APP. No. 88-P-232. August 14, 1989. *Broker,* Commission. *Contract,* With broker.

The plaintiff, a real estate broker, sues for a ten percent commission on the sale of the defendant's commercial building and land in Wilmington to one Lepore. Lepore had previously bought the defendant's sanitation business and had been given a one-year "option," which was in effect a right of first refusal, to purchase the property at market value. A month or two after the sale of the business, Lepore told the defendant that he thought he would not be in a financial position to purchase the property, so the defendant put the property on the market through the plaintiff. The plaintiff found a potential buyer, Mediplex of Massachusetts, Inc., which commenced negotiations with the defendant. It was settled relatively early that the purchase price was to be $600,000, but the parties haggled over the timing of payments, various conditions precedent to purchase, and so forth. The discussions contemplated an option agreement and a later purchase and sale agreement. According to the plaintiff's affidavit in opposition to the defendant's motion for summary judgment, the defendant approved the option agreement. In context, this meant oral approval. It is not suggested that the defendant signed any agreement with Mediplex.

At this point Lepore resurfaced and indicated he wished to exercise his option at the purchase price ($600,000) agreed upon between Mediplex and the defendant. This was the first time the plaintiff had been told of Lepore's involvement. The other parties thought it unlikely that Lepore could raise the purchase price, and the defendant, according to the plaintiff's affidavit, indicated that he would close the deal with Mediplex in that event. Lepore succeeded, however, in raising the purchase price. The defendant sold to Lepore and recognized no obligation to the plaintiff.

The plaintiff's complaint was framed in three counts: one in contract for the value of his services, one in tort for misrepresentation, and the last for unfair and deceptive conduct under G. L. c. 93A. The judge granted the defendant's motion for summary judgment, and the plaintiff appealed.

The plaintiff does not argue the third count in this appeal. The misrepresentation count fails for want of a false representation. The only allegation of such appears in the unverified complaint (par. 13), which cannot survive a properly supported motion for summary judgment.

The point principally argued in this appeal is that the plaintiff earned his commission by finding a buyer ready, willing and able to purchase on

terms acceptable to the defendant, even though the ultimate buyer was Lepore. Here, as the judge correctly observed, the plaintiff falls short of meeting the second of the general criteria set out in *Tristram's Landing, Inc.* v. *Wait*, 367 Mass. 622, 629-630 (1975), and *Capezzuto* v. *John Hancock Mut. Life Ins. Co.*, 394 Mass. 399, 402 (1985), for determining the broker's entitlement to a commission: namely, the seller (the defendant) did not ever sign a binding purchase and sale agreement. It is true, we recognize, that the defendant received, in effect, the value of the plaintiff's services without compensating him, but it does not appear that this was the defendant's intent — he being surprised that Lepore was prepared to purchase — and, more significantly, this fact does not take the case out of the *Capezzuto* rationale: that the broker is the party in the better position to protect himself by special contract provisions designed for that purpose. *Id.* at 404.

In *Stein* v. *Chalet Susse Intl. Inc.*, 22 Mass. App. Ct. 174 (1986), the plaintiffs — brokers who lost their commission due to an exercise of a right of first refusal — made essentially the same argument: that the seller obtained the value of their services without payment. There, as here, the brokers were not aware of the existence of the right of first refusal until after they had produced a seemingly ready, willing, and able buyer. The brokers were held not to be entitled to a commission, not having protected themselves by contract. For a case similar in principle to that case and this, see *Redfield* v. *Estate of Redfield*, 101 Nev. 24 (1985).

*Judgment affirmed.*

*Thomas E. Sweeney* for the plaintiff.
*M. Catherine Mawn* for the defendant.